## CHUBB v. SHORT.

Court of Appeals of District of Columbia.

Submitted January 18, 1928. Decided February 6, 1928.

No. 2035.

1. Patents ⬅90(1)—Patent applicant, taking no testimony, is restricted to filing date for conception, disclosure, and constructive reduction to practice.

A patent applicant, taking no testimony, is restricted to his filing date for conception, disclosure, and constructive reduction to practice.

2. Patents ⬅90(3)—Applicant for patent on means for eliminating automobile headlight glare held not lacking in diligence because of rejection of applications prepared by Army Ordnance Department and attorneys first consulted.

Applicant for patent on invention for functionalizing beams of automobile headlights, and means, such as shields, for cutting off direct rays, thereby elminating glare, held not chargeable with want of diligence in preparing application, because of his rejection of applications prepared by Army Ordnance Department, in which he was captain, and firm of attorneys, whom he first consulted, in view of highly technical character of invention and his greater knowledge thereof.

3. Patents ⬅113(1)—Costs of adding appellee's brief before Commissioner of Patents to record on appeal held taxable against appellee.

Addition to record of applicant's brief before Commissioner of Patents by writ of certiorari, after appeal from decision awarding him priority in interference proceeding, held unnecessary, so as to require taxation of costs incident thereto against him.

Appeal from the Commissioner of Patents.

Interference proceeding between Lewis W. Chubb and Frank Short. From a decision of the Commissioner of Patents, awarding priority to Short, Chubb appeals. Affirmed.

J. R. Langley, of Pittsburgh, Pa., for appellant.

W. F. Hall and E. S. Middleton, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in an interference proceeding awarding priority to the junior party, Short.

The invention is highly technical, comprising as it does means for functionalizing the beams of an automobile headlight, and means, such as shields, for approaching drivers, which permit, or are supposed to permit, unobjectionable light to pass therethrough, but which are supposed to cut off the direct rays and thereby eliminate glare.

There are three counts, but count 1 will be sufficient for our purposes, and reads as follows:

"Count 1. The headlight apparatus for automobiles or other vehicles, comprising a pair of headlights provided with emission polarizing devices to form a beam of light transmitted ahead of the vehicle and substantially polarized in a definite plane, and polarized light viewing devices adapted to be mounted adjacent the eyes of the driver of the vehicle, to substantially cut off light polarized in said plane to thereby minimize the objectionable headlight glare of a similarly equipped approaching vehicle."

[1] The Chubb application was filed July 29, 1920. Since he has taken no testimony, he is restricted to his filing date for conception, disclosure, and constructive reduction to practice.

[2] The Examiner of Interferences found that Short conceived and disclosed the invention as early as November 6, 1919, and this

ruling was accepted by the other tribunals, and is not challenged by Chubb. It is contended by Short that he reduced the invention to practice prior to Chubb's filing date, but in the view we take of the case it is unnecessary to determine this question. He is an engineer, and at the time of making the invention was a captain in the Ordnance Department of the United States Army. He solicited the assistance of the patent branch of that department, and on November 6, 1919, submitted to it a written description and drawing of his invention. Applications for patent were prepared by the Ordnance Department, but these applications were not satisfactory to Short, and on May 19, 1920, which it will be observed was a short time prior to Chubb's filing date, Short consulted a prominent firm of patent attorneys for the purpose of having an application or applications prepared. Again he was not satisfied with what was done by this firm, and consulted another firm, by whom the application was prepared, and was filed on September 26, 1921. The Examiner of Interferences and the Board ruled that Short was lacking in diligence, and awarded priority to Chubb. The Commissioner, after an analysis of the evidence, reached the conclusion that Short had shown diligence, and therefore awarded him priority. The Commissioner said: "Short may have been too critical as to the work of his attorneys; he may have had a misconception of the true nature of the patentable characteristics of his invention; he may have been overcautious in the preparation of his application; he may have taken the wrong course at times; he may have blundered in some instances; but from the record he cannot be charged with want of diligence."

We agree with the Commissioner. As we have frequently said, diligence is a relative term. Burnett v. Utsman, 46 App. D. C. 407; Jobski v. Johnson, 47 App. D. C. 230; Dickinson v. Swinehart, 49 App. D. C. 222, 263 F. 474. The attorney who finally prepared Short's application testified that the whole theory of light is more or less uncertain and a subject of controversy; that "it was perfectly easy to understand Mr. Short's broad concept, but I encountered serious difficulty in preparing a description of the invention which should disclose it in simple, clear-cut terms, and which should at the same time avoid the use of technical terms, whose exact meaning was not authoritatively defined."

Considering the highly technical character of the invention, and that Short probably knew more about it than any one else, he may have been overcautious as to the preparation of his application; but there can be no doubt that he was acting in good faith and at all times diligently attempting to have his application completed and filed. In the circumstances, it would be inequitable to deprive him of the invention.

[3] By writ of certiorari Short has added to the record his brief before the Commissioner. We think this was unnecessary, and the costs incident thereto will be taxed against him.

The decision is affirmed.

Affirmed.